IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

ANTHONY L. SUMMERS §

VS. § CIVIL ACTION NO. 1:07cv379

DIRECTOR, TDCJ-CID §

MEMORANDUM OPINION

Petitioner Anthony L. Summers, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Factual Background

In 2002, petitioner was convicted of driving while intoxicated in the 252nd District Court of Jefferson County, Texas. He was sentenced to 8 years imprisonment. Also in 2002, petitioner was convicted of driving while intoxicated in the 128th District Court of Orange County, Texas. He was sentenced to 12 years imprisonment.

Petitioner is not challenging his criminal convictions. Instead, he challenges a prison disciplinary conviction. In prison disciplinary case number 20070124617, petitioner was charged with threatening to inflict harm, physical or otherwise,

1

on another offender. Following a disciplinary hearing held on January 22, 2007, he was convicted of the offense charged. The following punishment was imposed: (a) 45 days suspension of recreation and commissary privileges; (b) 45 days of cell restriction; (c) requirement that he remain in the same good conduct time credit earning classification and (d) forfeiture of 5 days of previously earned good conduct time credits. Petitioner exhausted his administrative remedies prior to filing his petition.

## Grounds for Review

Petitioner asserts the following grounds for review: (a) the charge against him was false and a "set up" and he is actually innocent of the charge; (b) the charge was placed against him as a result of racial discrimination and (c) the charge was placed against him with an improper retaliatory motive.

## Analysis

*Standard of Review*

Prison inmates who lose good conduct time credits as a result of prison disciplinary convictions are entitled to the procedural due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). *See Henson v. U.S. Bureau*

*of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).  As petitioner was deprived of good conduct time credits as a result of the disciplinary conviction complained of, he was thus entitled to:  (1) written notice of the charges against him at least 24 hours before the hearing; (2) a written statement of the fact-finder as to the evidence relied on and the reason for the disciplinary action and (3) the opportunity to call witnesses and present documentary evidence in his defense.  *Wolff*, 418 U.S. at 563-66.

In addition, there must have been "some evidence" to support petitioner's conviction.  *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 455 (1983).  The result of a prison disciplinary proceeding will be overturned by a federal court "only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).

"Ascertaining whether this standard is satisfied does not require an examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  *Hill*, 472 U.S. at 455-56. "Federal Courts will not review the sufficiency of the evidence

at a disciplinary hearing; a finding of guilt requires only the support of 'some facts' or 'any evidence at all.'" *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir.), *cert. denied*, 476 U.S. 1117 (1986) (citation omitted).

*Application*

A. <u>False Disciplinary Charge and Actual Innocence</u>

Initially, petitioner states that the disciplinary charge against him was false and a "set up" and that he is actually innocent of the charge. Petitioner sets forth no facts which would support a conclusion that his disciplinary conviction was a "set up." In addition, a claim of actual innocence, standing alone, is not a basis for federal habeas relief. *Dowthitt v. Johnson*, 230 F.3d 733 (5th Cir. 2000).

As petitioner is proceeding *pro se*, this ground for review will be liberally construed as a claim that there was insufficient evidence to support the disciplinary conviction. However, a review of the evidence reveals there was sufficient evidence to support the conviction.

The offense report alleged petitioner stated he would stab another named inmate if they were assigned to the same cell. At the disciplinary hearing, the charging officer testified that petitioner's former cellmate was being moved back into

4

petitioner's cell. The charging officer testified that petitioner said he would stab the other inmate if the move occurred.

Based on the offense report and the charging officer's testimony, it must be concluded that, under the deferential standard of review applied in a federal habeas proceeding regarding the sufficiency of evidence at prison disciplinary hearing, the evidence introduced against petitioner was sufficient to support a finding that petitioner was guilty of threatening to inflict harm on another inmate. This ground for review is therefore without merit.

B. <u>Equal Protection</u>

Petitioner also asserts that the disciplinary charge was written against him as a result of racial discrimination.

The Equal Protection Clause of the Fourteenth Amendment to the Constitution directs states to treat "all persons similarly situated" alike. *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432 (1985). A plaintiff who asserts an equal protection violation has the burden of proving the existence of purposeful discrimination. *McCleskey v. Kemp*, 481 U.S. 279 (1987). "Discriminatory purpose ... implies that the decisionmaker singled out a particular group for disparate treatment and

selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group[.]"  *Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1988) (internal quotations, citations and footnote omitted).

While petitioner asserts he was the victim of racial discrimination, he makes no attempt to explain why he believes this to be the case.  General conclusory allegations and assertions of a petitioner's subjective belief, unsupported by specific facts showing a discriminatory intent, are insufficient to provide a basis for relief.  *Jewell v. City of Covington*, 425 F.2d 459 (5th Cir.), *cert. denied*, 400 U.S. 929 (1970); *see also Lawrence v. University of Texas Medical Branch at Galveston*, 163 F.3d 309 (5th Cir. 1999) (an employment discrimination case holding that a plaintiff's subjective belief of racial discrimination is insufficient to support a claim).  As a result, petitioner has not established he was denied equal protection of the laws and this ground for review is without merit.

C.  <u>Retaliation</u>

Prison officials may not retaliate against an inmate for the exercise of a constitutionally protected right.  *Woods v. Smith*, 60 F.3d 1161 (5th Cir. 1995).  In order to show retaliation, an inmate "must establish (1) a specific constitutional right, (2)

6

the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.) (quoting *Woods*, 60 F.3d at 1166), *cert. denied*, 552 U.S. 995 (1997). This places a significant burden on a petitioner. Mere conclusory allegations are insufficient to provide a basis for relief. *Woods*, 60 F.3d at 1166. The petitioner must produce direct evidence of motivation or "allege a chronology of events from which retaliation may plausibly be inferred." *Woods*, 60 F.3d at 1166 (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)).

While petitioner states the disciplinary case was written against him with a retaliatory motive, he has stated no facts which would provide direct evidence of an improper retaliatory motive on the part of the charging officer. Nor has he alleged a chronology of events from which a retaliatory motive could plausibly be inferred. This ground for review is therefore without merit.

Conclusion

For the reasons set forth above, this petition for writ of habeas corpus is without merit and will be denied. An appropriate final judgment shall be entered.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473 (2000); *Elizalde v. Dretke*, 362 F.3d 323 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubts regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner. *See Miller v. Johnson*, 200 F.3d 272 (5th Cir. 2000).

In this case, petitioner has not shown that any of the issues he raises are subject to debate among jurists of reason. The factual and legal questions asserted by petitioner are not novel and have been consistently resolved adversely to his position. In addition, the issues raised are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**SIGNED** this the **24** day of **September, 2010.**

_____
Thad Heartfield
United States District Judge